

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Timothy W. Walsh
Attorney at Law
twwalsh@mwe.com
+1 212 547 5873

April 1, 2015

**Via ECF**

The Honorable Valerie E. Caproni
U.S. District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

>  Re: **Hapag-Lloyd AG v. O'Rourke Marine Services L.P.**
>  SDNY Civil Action No. 14-cv-10027 (VEC)
>  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Dear Judge Caproni:

Defendant O.W. Bunker Germany GmbH ("OWG") submits this letter in opposition to the Motion for Summary Judgment (the "Motion") filed by defendant O'Rourke Marine Services L.P. ("O'Rourke") in the above-referenced interpleader action.[1]

OWG respectfully requests that the Motion be denied on procedural grounds, without prejudice to renewal upon the completion of discovery, because it is premature and contravenes Your Honor's individual rules of practice.

In particular, O'Rourke's Motion ignores Section 3(G)(i) of Your Honor's individual rules, which states:

> G. **Motions for Summary Judgment:**
>
> > i. **Generally Not Available in Non-Jury Cases.** Absent good cause, the Court generally will not consider summary judgment motions in non-jury cases. If a

---

[1] OWG has conferred with counsel for defendant ING Bank N.V. and plaintiff Hapag-Lloyd Aktiengesellschaft who join in this submission and likewise request that the Motion be denied without prejudice to renewal upon the completion of discovery or, in the alternative, that substantive briefing on the Motion be adjourned until the parties have appeared at an initial pretrial conference and the Court has issued an appropriate scheduling order.

U.S. practice conducted through McDermott Will & Emery LLP.

**340 Madison Avenue New York New York 10173-1922  Telephone: +1 212 547 5400  Facsimile: +1 212 547 5444   www.mwe.com**

> party wishes to move for summary judgment in a non-jury case, that party should raise the issue in the parties' joint letter submitted before the status conference following the close of fact discovery.

Here, the parties have not yet submitted a joint letter/proposed case management plan in accordance with Section 2(A) of Your Honor's individual rules, and the Court has not yet scheduled an initial pretrial conference pursuant to Rule 16. Thus, it goes without saying that the parties have not yet conducted (let alone completed) fact discovery. Moreover, O'Rourke did not request leave to file its motion in any other manner.

In fact, this action has not yet progressed beyond the initial pleadings stage. Counsel for defendant O.W. Bunker USA, Inc. ("OW USA") only entered their appearance yesterday, and OW USA's time to answer or otherwise move has not yet expired. *See* Dkt. 34. Likewise, OWG's Answer is not due until April 30, 2015. *See* Dkt. 35.

In addition, OWG notes that O'Rourke's Statement of Material Facts largely fails to satisfy the requirements of Rule 56(c)(2) and Local Rule 56.1(d) because it: (i) merely cites to allegations in the Complaint (Dkt. 46 at ¶¶ 1-2, 7-8); or (ii) simply fails to cite to any admissible evidence (*id.* at ¶ 3). *Cf. Fitzgerald v. Henderson*, 251 F.3d 345, 360-61 (2d Cir. 2001) (party not entitled to rely solely on the allegations of her pleadings in opposing summary judgment).

The Affidavit of Angela Dalcour submitted by O'Rourke in support of the Motion is also deficient. Ms. Dalcour identifies herself as an O'Rourke credit manager, but then attempts to establish that a separate defendant (OW USA) placed the bunker orders "on behalf of and as agents of the owners and/or charterers and/or managers" of the two subject vessels. *See* Dkt. 45 at ¶¶ 5, 7. This cannot pass muster, as Ms. Dalcour is not an OW USA employee and cannot testify about OW USA's relationship with other parties or non-parties. OWG also questions whether Ms. Dalcour—as a mere credit manager—had any role in these transactions. In other words, the contents of her affidavit appear to exceed her personal knowledge.

Accordingly, OWG respectfully requests that the Court deny the Motion, without prejudice to renewal upon completion of discovery, pursuant to Rule 56(d) and Section 3(G)(i) of Your Honor's individual rules. In the alternative, OWG respectfully requests that substantive briefing on the Motion be adjourned until the parties have appeared at an initial pretrial conference and the Court has issued an appropriate scheduling order. At present, oppositions to the Motion are due on April 13, 2015. OWG attempted to reach a consensual resolution with

April 1, 2015
Page 3

O'Rourke prior to filing this letter, but O'Rourke was not amenable to any of the relief requested herein.

    We thank the Court for its consideration of the foregoing requests and stand ready to answer any questions that the Court may have with respect to this matter.

Respectfully submitted,

/s/ Timothy W. Walsh
Timothy W. Walsh
Darren T. Azman
McDERMOTT WILL & EMERY LLP

– and –

Anthony J. Pruzinsky
Justin M. Heilig
HILL RIVKINS LLP

*Attorneys for O.W. Bunker Germany GmbH*

Cc (via ECF):

| | |
|---|---|
| Bruce G. Paulsen | Michael Fernandez |
| Brian P. Maloney | Peter J. Gutowski |
| SEWARD & KISSEL LLP | Gina Maria Venezia |
| *Attorneys for ING Bank N.V., as Security Agent* | FREEHILL HOGAN & MAHAR LLP |
| | *Attorneys for Hapag-Lloyd AG* |

J. Stephen Simms
SIMMS SHOWERS LLP
*Attorneys for O'Rourke Marine Services L.P.*

Vincent DeOrchis
Davis Lee Wright
Kaspar Kielland
Robert E. O'Connor
MONTGOMERY McCRACKEN
WALKER & RHOADS LLP
*Attorneys for O.W. Bunker USA, Inc.*